IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  04-20017 D/V |
| | ) | |
| RANDE LAZAR, M.D., d/b/a | ) | |
| OTOLARYNGOLOGY | ) | |
| CONSULTANTS OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S EMERGENCY MOTION FOR RELIEF TO STOP
THE GOVERNMENT'S IMPROPER INTERFERENCE WITH THE
DEFENDANT'S RIGHT TO INTERVIEW WITNESSES

On March 28, 2004, the defendant, Rande Lazar, filed an emergency motion for relief to stop the prosecution from improperly interfering with the defendant's right to interview witnesses. A hearing was requested on this motion and a hearing was held before the undersigned United States Magistrate Judge on May 25, 2005.

In this motion, Lazar alleges that the government wrongfully interfered with his right to interview at least one witness, and likely more, in violation of the Fifth Amendment. According to Lazar, the government told Dr. Mark Logan, a physician-witness, that his grand jury testimony was "secret" and off limits to defense counsel. Lazar requested this hearing to determine (1) the full nature and extent of the government's potential witness

interference, including all government's contacts with witnesses; (2) all persons who may have been wrongly instructed that their grand jury testimony was secret and off-limits to defense counsel; (3) all persons told to call the prosecutors before speaking to defense counsel; and (4) all express and implied threats made to any fact witness to influence their decision to speak to defense counsel.

At the hearing, defense counsel conceded that the issue is now moot. After some delay, apparently caused by confusion on the part of counsel for Dr. Logan, defense counsel for Lazar received responses to questions that had been sent to Dr. Logan. In his responses, Dr. Logan unequivocally stated that there had been no government interference with his communications with defense counsel. (Court Exhibit 3).

Accordingly, this court finds that the government, including Assistant United States Attorney's Kevin Whitmore and Cam Jones, was not engaged in any improper conduct that may have interfered with Lazar's access to or communications with potential witnesses.

IT IS SO ORDERED this 27th day of May, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 338 in case 2:04-CR-20017 was distributed by fax, mail, or direct printing on June 2, 2005 to the parties listed.

---

Stephen Farese
FARESE FARESE FARESE, PA
122 Church Street
P.O. Box 98
Ashland, MS 38603

Kevin P. Whitmore
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Marc N. Garber
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd., NE
Ste. 14
Marietta, GA 30068

Cam Towers Jones
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Peter M. Coughlan
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Honorable Bernice Donald
US DISTRICT COURT