IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   04-20017 D/V |
| | ) | |
| RANDE LAZAR, M.D., d/b/a | ) | |
| OTOLARYNGOLOGY | ) | |
| CONSULTANTS OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION FOR A HEARING IN COURT TO DETERMINE
HOW THE GOVERNMENT KNEW THE CONTENTS OF THE DEFENDANT'S SEALED
FILING OF MARCH 26, 2004 PRIO TO ITS UNSEALING

On October 7, 2004, the defendant, Rande Lazar, filed a motion for a hearing in open court to determine whether, prior to its unsealing, the prosecution knew that the defendant's sealed *ex parte* motion filed on March 26, 2004 (Doc. No. 22 and 23) raised concerns about potential witness intimidation. The United States did not oppose this motion and the motion was granted by this court on October 27, 2004. On May 25, 2005, a hearing was held before the undersigned United States Magistrate Judge.

In Lazar's March 26, 2004 sealed motion, he identifies a potential physician witness. He raises concerns that the government may try to intimidate that physician based on documented statements by the prosecution to Lazar's former attorney. In the

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _____

present motion, Lazar contends that the United States described the concerns expressed by him in his *ex parte* motion in the United States' motion to unseal, filed September 17, 2004 (Doc. No. 97). According to Lazar, the prosecution moved to unseal the *ex parte* motion based on the very contents of the *ex parte* motion.

Lazar alleges that the United States has violated the Fifth and Sixth Amendment by improperly interfering with a defendant's ability to build a defense and by improperly obtaining privileged information about his defense strategy, plan, or communications. Lazar requested a determination of whether the prosecution (1) has been conducting improper surveillance of the defense's privileged attorney-client communications via telephone or internet; (2) has an informant working with the defense who has been sharing confidential information with the government; or (3) has improper contacts with members of the clerk's office, the court's staff, or the magistrate judge's staff concerning the sealed filings.

At the hearing, Assistant United States Attorney Kevin Whitmore gave an explanation as to how the government was aware of the contents of the sealed motion. Whitmore explained that the first time that the sealed motion was brought to the United States' attention was during a June 23, 2004 status conference held before District Judge Bernice Donald. During that proceeding, defense counsel made a statement that there "maybe an *ex parte* motion

2

pending."   (Court Exhibit 1).  The next indication that the defendant had filed an *ex parte* motion concerning witness intimidation came in the defendant's August 27, 2004 motion for the disclosure of all exculpatory evidence (Doc. No. 75).  In that motion, Lazar refers to his *ex parte* motion at page 4, footnote 1, stating that "[t]he attached material is filed under seal to . . . protect the witnesses involved from possible retaliation at his point."

Thereafter, on September 17, 2004, the United States filed a motion to compel all *ex parte* documents.  Judge Donald entered an order directing the court clerk to provide all *ex parte* motions to the United States. (Doc. No. 104, Court Exhibit 2).  The United States presented the order to the court clerk, and the clerk provided the United States with all the *ex parte* motions, including Lazar's *ex parte* motion filed on March 26, 2004 (Doc. No. 22 and 23).

Whitmore further averred that the United States has had no contact with anyone inside the clerk's office concerning Lazar's *ex parte* motions, nor has there been any surreptitious monitoring of the defendant or defendant's counsel.

The court is satisfied that the United States (1) has not been conducting improper surveillance of the defense's privileged attorney-client communications via telephone or internet, (2) has

3

not had an informant working with the defense who has been sharing confidential information with the government; nor (3) has the United States had improper contacts with members of the clerk's office, the court's staff, or the Magistrate's staff concerning the sealed filings. Furthermore, the court finds that the United States' knowledge of the contents of Lazar's *ex parte* motion was ascertained through representations Lazar made in his own motion. Accordingly, the court finds that there has been no violation of the defendant's rights under the Fifth or Sixth Amendment of the United States Constitution.

IT IS SO ORDERED this 27th day of May, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 340 in case 2:04-CR-20017 was distributed by fax, mail, or direct printing on June 3, 2005 to the parties listed.

---

Marc N. Garber
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd., NE
Ste. 14
Marietta, GA 30068

Stephen Farese
FARESE FARESE FARESE, PA
122 Church Street
P.O. Box 98
Ashland, MS 38603

Kevin P. Whitmore
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Cam Towers Jones
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Peter M. Coughlan
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Honorable Bernice Donald
US DISTRICT COURT